NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHERINE S. AHN (Cal. Bar No. 248286)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2424
    Facsimile: (213) 894-0141
    E-mail:    catherine.s.ahn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-84-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: June 17, 2019 |
| PEJMAN VINCENT MEHDIZADEH, | Hearing Time: 02:00 p.m. |
| Defendant. | Location:    Courtroom of the Hon. Michael W. Fitzgerald |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Catherine S. Ahn, hereby files its Sentencing Position.

    This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and

//

//

//

//

such further evidence and argument as the Court may permit.

Dated: June 3, 2019                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                             /s/
                                       CATHERINE S. AHN
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On PEJMAN VINCENT MEDHIZADEH ("defendant") pleaded guilty on March 14, 2019 to an information charging him with Bankruptcy Fraud in violation of 18 U.S.C. § 152(1). (Clerk's Record ("CR") 22, United States Probation Office ("USPO") Presentence Report ("PSR") at ¶¶ 1-3, 10-18; see also CR 6, Plea Agreement at ¶¶ 2, 10.) Specifically, defendant admitted to unlawfully concealing assets during his prior bankruptcy proceedings related to, among other things, his ownership, property, and financial interest in medical marijuana-related businesses. Id.[1]  In the plea agreement, the government agreed to seek a downward departure to criminal history category II if warranted by a higher criminal history calculation. (Plea Agreement at ¶ 3(e); see also PSR at ¶¶ 4, 112.) For the reasons described below, the government concurs with the USPO's recommendation and urges the Court to impose two years' probation with the conditions described in its recommendation letter, to include ordering defendant to pay $65,000 in restitution to the bankruptcy estate, serving six months' home detention, performing 50 hours of community service, and paying the $100 special assessment. See CR 21, USPO Recommendation Letter.

**II.   THE PRESENTENCE REPORT AND RECOMMENDATION LETTER**

On May 9, 2019, the USPO issued its PSR and disclosed its recommendation letter, calculating defendant's criminal history category as III with an offense level of 12. (PSR at ¶¶ 22-35 and 39-51.) The offense level calculation is consistent with the

---

[1] The government incorporates by reference the description of the offense conduct in the PSR and the Plea Agreement.

3

parties' own calculation in the plea agreement.  (Plea Agreement at ¶ 12.)  The USPO further concurred with the anticipated government motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), noting that all of defendant's criminal conduct occurred more than 10 years ago and the current conduct at issue was from nine years ago. (USPO Recommendation Letter at 6.)  Ultimately, the USPO recommended that the Court sentence defendant to two years' probation with conditions that include six months' home detention, 50 hours of community service, payment of $65,000 in restitution to the bankruptcy estate and the $100 special assessment, but impose no fine.  On May 21, 2019, defendant stated he had no objections to the PSR.  See CR 23.

**III. DEFENDANT'S SENTENCING GUIDELINE RANGE AND THE GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 4A1.3(b)(1)**

As discussed, the USPO calculated defendant's criminal history category as III, but concluded that this categorization overstates defendant's criminal conduct.  (USPO Recommendation Letter at 6 and PSR at ¶ 112.)  The government agrees, and moves this Court to depart downward pursuant to U.S.S.G. § 4A1.3(b)(1) to criminal history category II because the current applicable category substantially overrepresents the seriousness of defendant's criminal history or the likelihood that defendant will commit other crimes.  U.S.S.G. § 4A1.3(c)(2).  As noted by the USPO, defendant's criminal conduct – even in the instant offense – is somewhat dated, and the other allegations related to the Securities and Exchange Commission ("SEC") were resolved without a finding of wrongdoing.  Id.  In addition, as further discussed in the government's analysis of the § 3553(a) factors below, defendant's actions show his acceptance of

responsibility for his conduct in a manner that indicates he is less likely to re-offend.

A criminal history category III with offense level 12 yields an advisory guidelines range of 15 to 21 months' imprisonment with no more than three years of supervised release, which falls within Zone D of the sentencing table.  The guidelines do not authorize a sentence of probation for ranges that fall within Zones C and D, although this Court has the discretion to craft a sentence in accordance with the 18 U.S.C. § 3553(a) factors, to include a sentence of probation.  See U.S.S.G. § 5B1.2, App. Note 2 and Background.

If this Court departed downward to criminal history category II with offense level 12, the new advisory guidelines range would be 12 to 18 months' imprisonment with no more than three years of supervised release, which falls within Zone C of the sentencing table.  As noted above, this places defendant outside the range eligible for probation under the guidelines; however, U.S.S.G. § 5C1.1 does state that the minimum term of imprisonment for ranges within Zone C may be satisfied by imprisonment or "a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . provided that at least one-half of the minimum term is satisfied by imprisonment."  U.S.S.G. § 5C1.1(d).  One-half of the minimum term for defendant, if the government's motion for a downward departure is granted, is six months.

In other words, if this Court were to impose a sentence within the guidelines – assuming it already granted the motion to a downward departure to criminal history category II – such a sentence would

5

call for a minimal term of 12 months' imprisonment, of which six months could be served in community confinement or home detention. Id.  A within-guidelines sentence would not include probation.  This Court does, however, have the discretion to either depart or vary from the guidelines range to impose such a sentence.  United States v. Hammons, 558 F.3d 1100 (9th Cir. 2009) (district court must consider the applicable guidelines range but is not bound by them).

**IV.   DEFENDANT'S 18 U.S.C. § 3553(a) FACTORS**

Given defendant falls outside the zone authorized for probation under the guidelines, the USPO's recommendation of a sentence of two years' probation represents a significant variance from the guidelines, on top of the downward departure already recommended for defendant's criminal history.  The government nonetheless concurs with the USPO's recommendation of two years' probation, with the conditions that include restitution, community service, and a term of six months' home confinement.  Such a sentence would correspond to the minimum term of home confinement warranted under a similar term of imprisonment, and a period of two years' probation would enable the USPO to monitor defendant's progress for a period longer than the high-end of the guidelines range for imprisonment.

The government believes such a departure and variance is warranted because, despite his prior history of criminal conduct, defendant has accepted responsibility for his crimes and his current behavior show that he is attempting to move past his prior bad acts by confronting and resolving them.  This includes the instant conduct and his settlement with the SEC, for which defendant submitted to a settlement that includes his outstanding liability of $12,298,395.40.  (PSR at ¶¶ 36-38, 86.)  Defendant's willingness to be accountable for

6

his crimes and address the consequences of his actions to others is further evidenced by his voluntary payment of the full $65,000 in restitution recommended to this Court by the USPO, even prior to the imposition of an order by this Court.

As such, the government believes that a variance is warranted and that a term of imprisonment would not be necessary to meet the goals of 18 U.S.C. § 3553(a).  Defendant's history and characteristics indicate that he is remorseful, taking ownership, and is therefore less likely to re-offend, making a sentence of probation combined with community service and home confinement sufficient, but not more than necessary to afford adequate deterrence and protect the public.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

The government is cognizant that defendant's conduct in the instant case is serious; defendant's attempt to subvert the bankruptcy process and relieve himself of more than $3 million in liabilities while hiding valuable assets strikes at the heart of the bankruptcy system.  However, defendant's crimes are non-violent and relatively minor in scope.  The government is concerned by the oddity of defendant's employment arrangement, in which defendant receives a $20,000 per month as a stipend rather than a salary.  Defendant has a significant judgment against him from the SEC, and the arrangement allows his employer to pay for defendant's use of a luxury apartment, a luxury car, and otherwise unallowable expenses.  (PSR at ¶¶ 96, 93.)  That being said, the government is satisfied at this time that the other conditions recommended by the USPO, to include conditions 8, 9, and 12, will be sufficient to ensure defendant complies with not only this Court's orders, but previous court orders (to include his SEC settlement).  (USPO Recommendation Letter at 3-4, 6.)  A

sentence of two years' probation, with the aforementioned conditions, to include community service and home detention, is sufficient but not more than necessary to provide just punishment for the offense, afford adequate deterrence, and protect the public from future crimes.  18 U.S.C. § 3553(a)(2); see also USPO Recommendation Letter at 3, 6-7.

## V. CONCLUSION

For the reasons described above, the government respectfully recommends that the Court grant the government's motion for a downward departure to criminal history category II, find an offense level of 12, and impose a sentence of two years' probation with the conditions recommended by the USPO.  These conditions include, among other things, serving six months' home detention, performing 50 hours of community service, and ordering defendant to pay $65,000 in restitution to the bankruptcy estate as well as the $100 special assessment.